```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JAMIE C. BISKER,                     :
      Plaintiff
                               :

      vs.                            :   CIVIL NO. 1:CV-07-1465

                               :
GGS INFORMATION SERVICES, INC.,
      Defendant                    :

*M E M O R A N D U M*

I.    *Introduction*

        Plaintiff, Jamie C. Bisker ("Bisker"), filed this action against her employer, GGS Information Services, Inc. ("GGS"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*, alleging a failure to accommodate and disparate treatment.  We now consider Plaintiff's motions for reconsideration and the parties' cross-motions for summary judgment.

        We will examine the motion under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).  "The rule is no different where there are cross-motions for summary judgment."  *Id.*  Upon careful review of the briefs and the record, we will grant Defendant's motion for summary judgment and enter judgment in favor of GGS and against Bisker.

II.  *Background*

Plaintiff began working for GGS in 1999.  She was employed as a Parts Lister as of 2006.  Plaintiff suffers from multiple sclerosis ("MS"), which limits her physical capabilities.  (Defendant's Statement of Material Facts ("SMF") ¶ 10 citing J.B. Dep. at 12-13 and Def.'s SMF ¶ 20).  On April 18, 2006, Plaintiff consulted her physician and was "taken off work" due to the effects of her illness.  (*Id.* at ¶ 12, Pl.'s Dep. at 32).  Subsequently, April 15, 2006 was considered her last day of work.

She began a leave of absence under the Family and Medical Leave Act ("FMLA") on April 18, 2006.  Plaintiff's doctor provided a medical certification that stated she was unable to work due to her MS.  (*Id.* at ¶ 15, Def.'s Ex. F).  At the same time, she applied for short-term disability benefits ("STD"), where, in his certification, her doctor classified her physical impairment as "Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity." (Doc. 26, Def.'s Ex. G).

In May of 2006, Bisker requested that GGS allow her to work from home, but GGS denied her request.  (Pl.'s SMF ¶ 8 and Def.'s SMF ¶ 21).  Plaintiff alleges that she continuously sought permission to work from home.  (Pl.'s Resp. To Def.'s SMF ¶ 25).  In response to Bisker's requests, GGS's Director of Human Resources sent a letter to Plaintiff's doctor enclosing a

2

copy of her job description and physical demands.  (Doc. 26, Def's Ex. K).  In his subsequent letter, Plaintiff's doctor stated that "[d]ue to her work increase since April, [Bisker] is physically unable to perform the essential functions of her job."[1]  (Doc. 26, Def.'s Ex. L)(brackets added).

In July of 2006 Plaintiff requested a continuation of her STD benefits and her doctor submitted another statement in support of her claim.  Her doctor again classified her impairments as "Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity."  (Doc. 26, Def.'s Ex. I).  Also in July of 2006, Bisker applied for and received long-term disability benefits. (Def.'s SMF ¶¶ 30-31). Plaintiff indicated on her evaluation for benefits that she had not tried to resume work of any type and she was not able to participate in any social or community activities.  (Doc. 26, Def.'s Ex. J).

Plaintiff applied to the Social Security Administration ("SSA") for Social Security Disability Insurance ("SSDI") benefits on August 31, 2006.  (Def.'s SMF ¶¶ 38, 39). In her sworn application, Bisker stated she was "unable to work" because of her "disabling condition" on April 18, 2006, and that

---

[1] In this letter Dr. Rae-Grant requested Plaintiff be allowed to work from home indicating, that he feels "she can stop her work and resume when she is comfortable and still be able to maintain her 40 hours per week in seven days."  However, Defendant has indicated it is "essential that [Bisker] perform [her] work at our facility and complete [her] job duties within the normal 5-day workweek. (Doc. 26, Def.'s Ex. E)(brackets added).

3

she is still disabled. (Doc. 26, Def.'s Ex. N). Plaintiff was initially denied benefits but she successfully appealed the denial. In her request for an appeal, she stated again she was "unable to work," and requested an opportunity to explain "how my impairments prevent me from working." (Doc. 26, Def.'s Ex. P). In her SSA filing, she stated "I requested accommodation to work at home, was denied." (Doc. 37, Def.'s Ex. 3) Additionally, she asserts that she "intended to explain those circumstances once she was before the judge" on her appeal, but "this never came to pass since she was granted benefits," without a hearing. (Pl.'s Br. In Opp'n, Doc. 35 at 7).

III. *Discussion*

Defendant argues that the Plaintiff is judicially estopped from pursuing her ADA[2] and PHRA claims because she was successful in obtaining SSDI, STD and LTD benefits on the basis of total disability and inability to work.

---

[2] The prima facie case under the ADA requires the plaintiff to show:

> (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)(quoted cases omitted).

4

In *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 119 S.Ct. 1597 (1999), the Supreme court held that a person who has successfully obtained SSDI benefits can be estopped from pursuing an ADA claim because of the apparent conflict between the two claims. A successful SSDI claim carries with it a finding that a person cannot engage in any kind of substantial work, not just her previous job, but an ADA claim asserts she can perform the "essential functions" of her job, with or without reasonable accommodations. *Id.* at 797-98, 119 S.Ct. at 1599-1600. Estoppel is not automatic. *Id.* at 798, 119 S.Ct. at 1600. The ADA plaintiff "cannot simply ignore the apparent contradiction," but must "proffer a sufficient explanation" to resolve the contradiction. *Id.* at 806, 119 S.Ct. at 1603. The burden rests with the plaintiff to provide a sufficient explanation. *Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 118 (3d Cir. 2003)(dealing with estoppel of an age-discrimination claim); *Motley v. New Jersey State Police*, 196 F.3d 160, 164-65 (3d Cir. 1999).

We agree with Defendant that Bisker's SSDI benefits estops her from pursing an ADA claim. The Plaintiff submitted a sworn application for SSDI benefits on September 1, 2006 that asserted she was "unable to work because of [her] disabling condition on April 18, 2006," and that she was "still disabled." Bisker was initially denied SSDI benefits, however, she successfully appealed. In her appeal, the Plaintiff asserted

5

again that she was "unable to work," and she requested an opportunity to explain "how [her] impairments prevent [her] from working."  In these circumstances, Plaintiff must offer a "sufficient explanation" to the apparent contradiction.  *See Cleveland*, 526 U.S. at 806, 119 S.Ct. At 1603, 143 L.Ed.2d at 977 (sworn statement on an SSDI application that the plaintiff is "unable to work" appears to negate an essential element of an ADA claim and must be explained).

In her opposition brief, Plaintiff attempts to explain the inconsistencies by asserting that every benefit she received had its own set of criteria and she "made clear" to SSA that she was attempting to work from home.

Bisker's explanations for her inconsistencies are not sufficient.  As the Circuit Court indicated in *Motley*, "simply averring that the statutory schemes differ is not enough to survive summary judgment."  *Motley*, 196 F.3d at 166.  The Plaintiff must provide a "more substantial" explanation other than differing statutory schemes to explain her inconsistencies. She must offer  "additional justification" that "in theory, go into detail regarding the facts of her ... case, demonstrating how the differing statutory contexts makes [her] statements made under one scheme reconcilable with [her] claims under the other."  *Id*. at 165 (brackets added).

As GGS argues, the Plaintiff made clear in her sworn application to SSA that she was "unable to work because of [her]

6

disabling condition." She asserted again in her appeal to SSA that she was still unable to work. The fact that she intended to explain her circumstances to an ALJ is not relevant to the test for estoppel laid out in *Cleveland*, which only asks whether a plaintiff has successfully submitted and received SSDI benefits, and if so, can she explain this inconsistency. The fact that she "intended" an explanation of her circumstances would appear to bear only on the question of bad faith, a consideration in traditional judicial estoppel analysis, but not part of the analysis under *Cleveland*. *See Detz*, 346 F.3d at 117-18, and n.2 (under *Cleveland*, an inquiry into bad faith is not necessary).

Additionally, Bisker's application and receipt of STD and LTD benefits supports GGS's argument for estoppel. Judicial estoppel can apply to the receipt of long-term disability benefits from an insurance carrier, *Lincoln v. Momentum Sys. Ltd.*, 86 F. Supp. 2d 421, 430 n.8 (D.N.J. 2000)(citing *Motley,* 196 F.3d 160; *Pena v. Houston Lighting & Power Co., 154 F.3d 267 (5th Cir. 1998); August v. Offices Unlimited, Inc.* 981 F.2d 576 (1st Cir. 1992)), and short-term disability benefits from an insurer. *Morlino v. Staten Island University Hospital*, 1998 WL 160937 at *6 (E.D.N.Y.). Plaintiff was successful in obtaining STD benefits and later LTD benefits based on her disability. As above, Plaintiff fails to offer a sufficient explanation for her apparent inconsistency regarding receipt of these benefits.

We thus conclude, based on the Plaintiff's inability to offer sufficient explanations for the inconsistencies in her application under the ADA and PHRA, and her receipt of SSDI, STD and LTD benefits, that she is barred by judicial estoppel from pursing her ADA and PHRA claims.[3]

Insofar as Plaintiff's motion for reconsideration is concerned, our conclusion on the cross-motions moots that issue.

IV.   *Conclusion*

Our conclusion makes consideration of Plaintiff's contentions concerning possible accommodations moot.  Summary judgment will be granted to Defendant on all claims on the grounds of judicial estoppel, and her motion for reconsideration will be dismissed as moot.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 22, 2008

---

[3]  We have cited only federal cases interpreting the ADA.  PHRA and the ADA are "basically the same." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) "'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'" *Id.* (quoting *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)); *see also Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 n.6 (3d Cir. 2004)(the analysis of an ADA claim applies equally to a PHRA claim).  Plaintiff has not argued otherwise.  In any event, in *Trowbridge v. Scranton Artificial Limb Co.*, 560 Pa. 640, 747 A.2d 862 (2000) the Pennsylvania Supreme Court adopted *Cleveland* for analyzing estoppel arguments on a PHRA claim.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMIE C. BISKER,              :
        Plaintiff
                              :

        vs.                   :    CIVIL NO. 1:CV-07-1465

                              :
GGS INFORMATION SERVICES, INC.,
        Defendant             :
```

*O R D E R*

AND NOW, this 22nd day of September, 2008, upon consideration of the parties' cross-motions for summary judgment (docs. 25 & 28), both filed July 23, 2008, and pursuant to the accompanying Memorandum, it is ordered that:

1. Plaintiff's motion for reconsideration of our Order of July 16, 2008 (doc. 20) is dismissed as moot.

2. Defendant's motion for summary judgment is granted.

3. Plaintiff's motion for summary judgment is denied.

4. Judgment is entered in favor of Defendant GGS Information Services, Inc. and against Plaintiff Jamie C. Bisker.

5. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge