IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE C. BISKER,  :
    Plaintiff
     :
vs. : CIVIL NO. 1:CV-07-1465
     :
GGS INFORMATION SERVICES, INC.,
    Defendant  :

*M E M O R A N D U M*

I. *Introduction*

Presently before the Court are two motions filed by the Plaintiff Jamie C. Bisker: (1) a motion to determine the sufficiency of requested admissions and (2) a motion for reconsideration of this Court's Order of July 16, 2008 (doc. 20) denying her motion for leave to designate an expert. After review, we will grant Plaintiff's motion for reconsideration but deny her motion to determine the sufficiency of requested admissions.

II. *Procedural Background*

The Plaintiff filed this action against her employer, GGS Information Services, Inc. ("GGS"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, alleging a failure to accommodate and disparate treatment. On November 27, 2007, we issued a scheduling order setting deadlines of April 1 and 30, 2008 for the Plaintiff and Defendant to designate their experts, respectively. The parties then engaged in discovery.

On April 17, 2008, a stipulated order was approved enlarging the time to discovery to June 30, 2008. On June 19, 2008, the Plaintiff filed a motion for leave to designate an expert. We denied this motion on July 16, 2008. On the same day, the Plaintiff filed a motion for reconsideration of our order.

On September 22, 2008, we entered summary judgment in favor of the Defendant and dismissed the Plaintiff's motion for reconsideration as moot. On July 24, 2009, the Third Circuit vacated our order and remanded for further proceedings. *Bisker v. GGS Info. Services, Inc.,* No. 08-4277, 2009 WL 2196789 (3d Cir. July 24, 2009). Subsequently, the Plaintiff renewed her motion for reconsideration and also filed a motion to determine the sufficiency of requested admissions.

III. *Discussion*

    *A. Motion for Sufficiency*

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that any party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." It is well settled that Rule 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). As a general rule, discovery is permitted of any information that is relevant or may lead to the discovery of relevant evidence. *Lombardi v. Pugh*, No. 05-300, 2009 WL 1619952, at *1 (M.D. Pa. June 9, 2009)(citation omitted).

Federal Rule of Civil Procedure 36(a) governs requests for admissions and provides in relevant part:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about

> either; and (B) the genuineness of any described documents....
> Each matter must be separately stated....
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny....
>
> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order than an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a). The requesting party "may not present...a broad and non-specific request for admissions of facts." *McCarthy v. Darman*, No. 07-3968, 2008 WL 2468694, at *2 (E.D. Pa. June 17, 2008). Additionally, a request should "be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *United Coal Companies v. Powell Constr. Co.,* 839 F.2d 958, 967-68 (3d Cir. 1988)(citation omitted). Generally, the use of only the word "denied" is sufficient to comply with the rule. *Id.* at 967.

In her motion, Bisker questions the Defendant's responses to Request Nos. 1, 3, 4, 5, 6 and 7. We will address each of the requests, and Defendant's responses.

### 1. Request No. 1

Request No. 1 is a statement that the facts, medical conclusions and medical diagnoses found in the medical exhibits are true, accurate and correct. Pl.'s

3

Br. In Supp. at 5. The Defendant responded claiming that it had insufficient knowledge or information to form a belief as to the accuracy of said exhibits, etc.

Federal Rule of Civil Procedure 36(a)(4) provides that an answering party may assert lack of knowledge as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry. Here, the Defendant does not state whether it made a reasonable inquiry. The Defendant, however, argues that no amount of investigation could lead it to conclude that every fact, conclusion and diagnosis found in the medical records is correct. The medical records include not only facts but also opinions of the Plaintiff's treating physicians. These opinions and conclusions go to the heart of the dispute in this matter. Additionally, Plaintiff's request lacks specificity. Therefore, we conclude that the Defendant's response conformed with Rule 36.

### 2. Request No. 3

In Request No. 3, Bisker sought an admission that she requested to be allowed to perform her job functions at home. Def.'s Br. In Opp. At 10. The Defendant denied that the Plaintiff "requested to perform work from home in an email addressed to Paul Kilker, which, as a writing, speaks for itself." *Id.*

Defendant argues that the problem with the admission is the phrase "be allowed to perform her job functions from home." It claims that Bisker asked to work from home, but never specified what work she would be performing. Through its response, the Defendant has admitted that Bisker requested to perform work at home. The qualification is appropriate and conforms with Rule 36(a)(4), which allows for a party to qualify its answers. After review, we agree with the Defendant that its response was sufficient.

### 3. Request Nos. 4, 5, 7

In Request No. 4, the Plaintiff sought an admission that, at the time of her termination, she was not allowed to perform her job functions from home. The Defendant admits that the Plaintiff was not allowed to work from home. However, it denies that it terminated Bisker. This response does not violate Rule 36(a)(4). Rule 36(a)(4) permits an answering party to deny part of an admission while specifying the part admitted. The Defendant has maintained throughout this action that it did not terminate the Plaintiff's employment. Accordingly, this response does not violate Rule 36.

Request No. 5 sought an admission that the Defendant did not offer any other position to Bisker between her request for accommodation and her termination. The Defendant admits that it did not offer employment to the Plaintiff because there were no available jobs for which the Plaintiff was qualified, with or without an accommodation. But, it denies that it terminated Bisker. This response does not violate Rule 36(a)(4) for the same reasons stated in Request No. 4.

In Request No. 7, the Plaintiff sought an admission that, between the time of her request to work from home and her termination, job openings became available at GGS. The Defendant admits that job openings became available after the Plaintiff stopped working on April 20, 2006, but it again denied that it terminated Bisker. As mentioned previously, this response does not violate Rule 36(a)(4).

### 4. Request No. 6

Request No. 6 seeks an admission that Defendant's CEO instructed a human resources representative to find reasons why Bisker could not work for the Defendant. In a one word response, the Defendant denied the request. As mentioned previously, the use of only the word "denied," generally, is sufficient to meet the

5

requirements of Rule 36. We see no reason to depart from that general rule. Accordingly, this response conforms to the rule.

### B. *Motion for Reconsideration*

Since our order of July 16, 2008 contemplated further proceedings, our order was interlocutory. As an interlocutory order, we may revise it "when consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008)(nonprecedential)(citing *Jerry*).

Out of an abundance of caution, we believe it is appropriate to grant the Plaintiff's motion for reconsideration. The record shows that on April 17, 2008 we issued an order extending discovery to the end of June. Our order, however, does not indicate whether or not we intended to extend the time for the parties to designate experts. We believe, and the record supports our conclusion, that this may have caused some uncertainty concerning the deadline for designating experts.

### IV. *Conclusion*

For the foregoing reasons, Plaintiff's motion to determine the sufficiency of requested admissions will be denied and her motion for reconsideration will be granted. We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 1, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE C. BISKER, :
    Plaintiff
: 
vs. : CIVIL NO. 1:CV-07-1465
:
GGS INFORMATION SERVICES, INC.,
    Defendant :

*O R D E R*

AND NOW, this 1st day of October, 2009, it is ordered that:

  1. Plaintiff's motion to determine the sufficiency of requested admissions (doc. 50) is denied.

  2. Plaintiff's motion for reconsideration (doc. 48) is granted.

  3. Our order of July 16, 2009 (doc. 20) is vacated.

  4. Plaintiff is afforded 30 days from the date of this order to designate her medical expert and submit an appropriate report to the Defendant.

  5. This matter is placed on the April 2010 trial list, scheduling order to follow.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge